**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLARENCE SMITH,
Plaintiff-Appellant,

v.                                                                     No. 95-2904

ASSOCIATION OF MARYLAND PILOTS,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-94-2601-Y)
Argued: June 3, 1996
Decided: June 26, 1996

Before ERVIN and MOTZ, Circuit Judges, and SPENCER,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeremy Wethered North, NORTH & COBB, Towson,
Maryland, for Appellant. Gil A. Abramson, HOGAN & HARTSON,
L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Andrew C.
Topping, HOGAN & HARTSON, L.L.P., Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clarence Smith appeals the district court's order granting summary judgment to the Association of Maryland Pilots on Smith's claims that the Association violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (1994), and the Maryland Wage and Hour Law, Md. Lab. & Emp. Code Ann. §§ 3-401 to 3-431 (1991 & Supp. 1995), by failing to pay him overtime wages between 1991 and 1994. We affirm.

The Association, a collection agent for independently licensed pilots who operate in Maryland waters, employs launch operators at its three pilot transfer stations. Smith is one of these launch operators. The launch operators are represented by Seafarers International Union, which has entered into a series of collective bargaining agreements with the Association. Smith alleged that the agreement in effect between May 1, 1991 and April 30, 1994 did not provide for overtime pay and that although on occasion "during the lifetime" of the agreement, he had worked more than the hours contemplated by the agreement, the Association failed to pay him for overtime.

The Association moved for summary judgment asserting that the 1991-1994 agreement provided a monthly wage rate which was compiled on the basis of twelve-hour work days and incorporated time and one-half (1 1/2) after forty hours for each work week, as permitted by the Fair Labor Standards Act. See 29 C.F.R. § 778.309 (1995). Although the 1991-1994 agreement did not expressly so state, the Association noted that the current collective bargaining agreement, covering 1994-1997, provides that "the monthly wage rates . . . are and always have been computed on the basis of a twelve (12) hour work-day and have incorporated time and one-half (1 1/2) after 40 hours for each work week. The schedule has contemplated that employees work (2) weeks per month." The Association also submitted the deposition testimony of Union representative Michael

2

Paladino, who negotiated the 1991-1994 collective bargaining agreement with the Association. Paladino's testimony was consistent with the Association's claim and the current agreement's provision that the wage rates "always have been" calculated to include overtime. Paladino stated that as far back as 1988, "there was a clear understanding . . . [that] overtime and wages [were] all included in the 12-hour day."

In opposing the Association's motion, Smith asserted that material facts were in dispute. He pointed to: (1) the absence of any mention of overtime pay in the 1991-1994 collective bargaining agreement; (2) the deposition testimony of a representative of the Association that the Association had never calculated "an hourly pay rate for Mr. Smith;" (3) affidavits of Smith and other launch operators that they had never been told that they had been paid for overtime and they had, in addition, worked hours in excess of the eighty-four hours contemplated by the agreement without additional compensation; and (4) six of his 1993 pay stubs. Smith submitted no evidence as to when he had worked uncompensated overtime or how much overtime pay was due him.

The district court found that Smith had failed to demonstrate a genuine issue of material fact. The court concluded that the Association's payment to launch operators, including Smith, of the monthly wages provided for in the 1991-1994 collective bargaining agreement, included overtime. Accordingly, the court granted the Association's motion for summary judgment. That conclusion was proper. Neither the absence of specific language in the 1991-1994 agreement nor the deposition or affidavit testimony presented facts that contradicted the Association's proof that the Association and Union had agreed in the 1991-1994 agreement that launch operators were to be paid a wage rate that included overtime pay. Moreover, Smith's pay stubs demonstrated that, in fact, during one of the six pay periods in 1993 for which he submitted pay stubs he had worked more than seven days and received pay for the additional time. We affirm on the basis of

3

the district court's opinion. <u>Smith v. Association of Maryland Pilots</u>, Civ. No. 4-94-2601 (D.Md. Sept. 11, 1995).*

<u>AFFIRMED</u>

_____

*We noted during oral argument that it was impossible to reconcile with any precision Smith's biweekly normal gross pay in 1993 as shown on his pay stubs with the wage schedule in the 1991-1994 collective bargaining agreement. Under that agreement the normal pay of an unlicensed launchman, like Smith, was $2062.54 a month or $24,750.48 a year. According to his pay stubs Smith's normal biweekly pay in 1993 was $966.70 or $25,134.20 a year. The parties were unable to explain this discrepancy. However, since the discrepancy is in Smith's favor, <u>i.e.</u>, he apparently received <u>more</u> than that to which he was entitled under the contract, it provides no basis for upsetting the district court's judgment.

4